**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSVER RUDIN PEREZ GARCIA,<br><br>                              Petitioner,<br><br>    v.<br><br>CHRISTOPHER J. LAROSE, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-03334-BAS-JAC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Osver Rudin Perez Garcia filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was released on parole into the United States as a minor eight years ago. (ECF No. 1.) The Government filed a response. (ECF No. 4.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies

26cv3344

to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Guatemala, entered the United States as a child in 2018. (ECF No. 1, at ¶¶ 1, 9.) Immigration and Customs Enforcement ("ICE") paroled him into the United States. (*Id.* ¶¶ 10–11.) Petitioner resided in the United States, maintained employment, and complied with all directives from ICE. (*Id.* ¶ 12.) He never received a hearing notice or a court date. (*Id.*) He now has three U.S. citizen children. (*Id.* ¶ 15.) He has no criminal convictions. (*Id.* ¶ 13.) On May 1, 2026, the Department of Homeland Security ("DHS") re-detained Petitioner in Florida without notice or an opportunity to be heard. (*Id.* ¶ 14.) He has now been transferred to Otay Mesa Detention Center in this district. (*Id.*) Petitioner seeks immediate release on the same conditions as he was previously released.

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026)

26cv3344

("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because ICE released Petitioner upon finding he was not a flight risk or a danger to the community in 2018, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Osver Rudin Perez Garcia (A#215-613-225) be released on the same terms and conditions as he was previously released in 2018.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: June 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3344